## Maloney's Petition.

*Mandamus—Recorder of deeds—Plan of lots—Approval of commissioners —Acts of 1917 and 1921.*

1. The recorder of deeds cannot be compelled by mandamus to record a plan of lots situate in a first class township, where the plan has not been approved by the township commissioners as required by the Act of July 14, 1917, P. L. 840, known as the Township Code, as amended by the Act of May 16, 1921, P. L. 634.

2. The fact that the plan does not lay out streets or alleys, but merely subdivides land abutting on an existing highway, does not excuse non-compliance with the acts.

Mandamus to compel recording of plan of lots. C. P. Allegheny Co., April T., 1926, No. 2495.

Before Carnahan, Drew and Ford, JJ.

*W. Heber Dithrich* and *William C. Jacob,* for plaintiff.

*Hice, Morrison, May, Bradshaw* and *Frank Thomson,* for defendant.

FORD, J., Nov. 22, 1926.—The relator in his petition for a writ of mandamus states that he is the owner of a tract of land situate in Leet Township; had sub-divided and laid out the land in building lots. The plan named the "Beech Street Plan of Lots," duly adopted and acknowledged by plaintiff, was presented to John D. Graham, Recorder of Deeds of Allegheny County. He refused to accept and record the plan for the reason that it had not been approved by the Commissioners of Leet Township, a first class township. An alternative writ of mandamus issued, and subsequently, on May 11, 1926, an answer was filed, wherein the respondent admitted that the allegations of fact set forth in the petition are true, but avers that respondent is without authority and specifically enjoined, under the acts of assembly in such cases made and provided, from recording any plan of lots sub-dividing property in a township of the first class without approval of the township commissioners first having been had.

To the answer filed by respondent the relator demurred, alleging that the return or answer is insufficient in law.

The plan presented to respondent lays out plaintiff's land into ten building lots, each fronting on the southerly side of a road. There seems to be some dispute as to whether the highway is a county or township road, but that it is a public road is admitted. No part thereof formed a part of plaintiff's land sub-divided into lots. There are no streets, alleys or highways laid out or placed upon the plan and dedicated to public use.

Maloney's Petition.

The question involved is, Was it the duty of the recorder of deeds to accept and record the plan? The relator contends that a plan which does not lay out streets or alleys, but simply sub-divides land abutting on a road or street theretofore laid out and opened, does not require the approval of the township commissioners in order to entitle it to be recorded.

The Act approved July 14, 1917, P. L. 840, known as the "Township Code," as amended and supplemented by the Act of May 16, 1921, P. L. 634, requires the approval of a plan as a prerequisite to recording.

Section 625 of the Act of 1917, under sub-title "plans of streets," provides that every township of the first class shall have a general plan of its streets and alleys filed in the office of the engineer or other public office of the township. And "no map or plot of streets or alleys shall be entered of record in any public office of the county until approved by the board of commissioners."

It is to be noted that the plan referred to is "of streets and alleys." The section, though amended by the Act of 1921, relates to plans of streets and alleys.

The Act of 1921 supplements or amends the Act of 1917 by adding section 626, which reads:

"Section 626. That in townships of the first class, all plans, plots, replots of lands laid out in building lots, and the streets, alleys or other portions of the same, intended to be dedicated to public use or for the use of purchasers or owners of lots fronting thereon or adjacent thereto and located within the limits of the township, shall be submitted to the board of township commissioners and approved by it before it shall be recorded; and it shall be unlawful for the recorder of deeds of the county wherein said land is situate to receive or record such plan unless same bear thereon, by endorsement or otherwise, the approval of the board of township commissioners of the township wherein the land is situate."

It is manifest that the section is much broader in scope than is the language used in section 625. The declared purpose was that all sub-divisions of property thereafter made should conform to the general plan. To effectuate this purpose, plans of streets and alleys, in the first instance, were subject to approval by the commissioners. Apparently the purpose was not fully served and that the general plan might be complete, the Act of 1917 was supplemented by adding a provision requiring that all "plans, plots, replots of land laid out in building lots, and the streets and alleys intended to be dedicated to public use," shall be approved by the commissioners. It may well be, as is contended, that there was no need for approval of a plot without highways in that an owner might sell a tract abutting on a road by the front foot, and in effect sell lots, though the land had not been plotted. However, the terms used apply to plans of building lots and to streets and alleys. If a plan be not approved, an owner is not without a remedy. The commissioners cannot act arbitrarily. If they are arbitrary or abuse the discretion given them by the act, the owner may by proper proceedings have their reasons for non approval inquired into. The commissioners are not parties, nor does it appear they were notified. The relator's sole contention is that the respondent had no right to refuse to accept and record the plan, notwithstanding it lacked approval by the township commissioners. With this contention we do not agree. In refusing to accept and record the plan, respondent acted in compliance with the Act of 1917, as amended by the Act of 1921.

The proceedings should be dismissed.

From William J. Aiken, Pittsburgh, Pa.